**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOMIESHOP PROPERTIES, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No. 1:26-cv-05526 |

**[PROPOSED] ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

The Court, having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of David Gonzales, Yingchun Hou, and Martin Yi, as well as all other papers filed in support of the Application, for the following relief:

1. a temporary restraining order against defendants (as described in **Schedule A** to the Complaint, which shall also be attached hereto, "Defendants") enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's trademarks covered by U.S. Trademark Registration Nos. 1,965,095; 2,742,221; 4,623,714; and 7,402,099 (collectively, the "HOMIESHOP Trademarks");
2. a temporary restraint of certain Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

3. expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit Products, as well as Defendants' financial accounts;
4. permission to effectuate service by electronic mail and electronic publication; and
5. an order directing Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**<u>FACTUAL FINDINGS & CONCLUSIONS OF LAW</u>**

1. Plaintiff is likely to prevail on its trademark counterfeiting, false designation of origin, and unfair competition claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

a. Defendants have offered for sale substandard and unauthorized Counterfeit Products bearing, using, or infringing on the HOMIESHOP Trademarks through storefronts and accounts held by Defendants (the "<u>User Account(s)</u>") with online marketplace platform Shein.com (the "<u>Marketplace Platform</u>").

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related

to products properly bearing, using, and sold utilizing the HOMIESHOP Trademarks (the "HOMIESHOP Products").

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Counterfeit Products and information concerning the Counterfeit Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Counterfeit Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Counterfeit Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the HOMIESHOP Trademarks if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the HOMIESHOP Trademarks, and to protect the public from being deceived and defrauded by Defendants' passing off of their Counterfeit Products as Plaintiff's HOMIESHOP Products.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

6. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

7. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Counterfeit Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

1. As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

a. Using the HOMIESHOP Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the

distribution, marketing, advertising, offering for sale, or sale of any Counterfeit Products;

b. Passing off, inducing, or enabling others to sell or pass off any product as genuine HOMIESHOP Products that are not, in fact, Plaintiff's HOMIESHOP Products and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the HOMIESHOP Trademarks;

c. Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the HOMIESHOP Trademarks and damaging Plaintiff's goodwill; and

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the HOMIESHOP Trademarks, any reproductions, counterfeit copies, or colorable imitations thereof.

**Removal of Advertisements for Counterfeit Products**

2. Within five (5) days of receipt of this Order, the Marketplace Platform, any domain name registry providing service to any User Account, and any other online service provider hosting

or servicing a User Account are directed to disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products.

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4. Within five (5) days of receipt of this Order, (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (v) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vi) eBay, Inc. ("eBay"), (vii) Coinbase Global, Inc. ("Coinbase"), (viii) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (ix) AllPay Limited ("AllPay"), (x) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xi) World First UK Ltd. ("World First"), (xii) Paxful, Inc. ("Paxful"), (xiii) ClearFX d/b/a OFX ("OFX"), (xiv) Shein.com ("Shein"), and other payment processing service providers, including any online marketplace platform (collectively referred to as the "Financial Institutions"), shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court.

5. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

**Expedited Discovery**

6. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, including the Marketplace Platform, any domain name registry providing service to any User Account, and any other online service provider hosting or servicing a User Account, shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances regardless of the platform or institution;

b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto);

c. Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution; and

d. Information concerning any sales or listings of Counterfeit Products made by Defendants.

**Service by Electronic Mail and/or Electronic Publication**

7. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to,

Defendants if it is completed by the following means: delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions.

8. Such alternative service, as set forth above, shall be made within five (5) days of the Financial Institutions' compliance with Paragraphs 3 through 6 of this Order.

9. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

**Security Bond**

10. Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), either by cash, company check, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

11. Schedule A to the Complaint, Exhibit 2 to the Declaration of David Gonzales, and Exhibit 1 to the Declaration of Yingchun Hou shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

12. Plaintiff shall file unsealed versions of Schedule A to the Complaint, Exhibit 2 to the Declaration of David Gonzales, and Exhibit 1 to the Declaration of Yingchun Hou using the CM/ECF system prior to the expiration of this Order.

**Application to Vacate or Dissolve**

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on July 17, 2026 at 11 a.m./p.m. which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before July 15, 2026, at 6 a.m./p.m.

This Temporary Restraining Order without notice is entered at 3pm on July 7, 2026, and shall remain in effect for fourteen (14) days.

UNITED STATES DISTRICT JUDGE